### IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: GABRIEL BRAVO, | : | CHAPTER 13 |
| Debtor | : | BANKRUPTCY NO. 21-12926 |

### ORDER SUR DEBTOR'S OBJECTIONS TO PROOF OF CLAIM FILED BY E-Z CASHING, LLC ("EZ") AND COUNTERCLAIM AGAINST EZ

AND NOW, this _____ day of January, 2022, it is hereby ORDERED as follows:

1. The Objections are SUSTAINED.

2. The Proof of Claim filed by EZ is REDUCED to $_____.

3. The Debtor is awarded $500 on account of his Counterclaim against EZ.

_____
J.

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: GABGIEL BRAVO,    :    CHAPTER 13

        Debtor    : BANKRUPTCY NO. 21-12926

### DEBTOR'S OBJECTIONS TO PROOF OF CLAIM NO. 7-1 ("the POC") FILED BY THE E-Z CASHING, LLC ("EZ" or "Creditor") AND DEBTOR'S COUNTERCLAIM AGAINST EZ

The Debtor now comes and makes the following Objections ("the Objections") to the POC filed in this case by the EZ (No. 1) and Debtor's Counterclaim against EZ for violation of the automatic stay:

1. A copy of the first seven pages of the POC filed by EZ (No. 1) (all but the original loan documents) on or about November 1, 2021, and claiming a total of $139,800.54 is is attached as an Exhibit hereto.

2. The Order of June 2, 2021, of the Court of Common Pleas of Philadelphia County sets forth only the gross amount of the Claimant's reassessed damages, without considering any post-judgment payments made by the Debtor to the Claimant on account of the claim. The Court therefore did not consider it appropriate to deduct any of the payments made by the Debtor to the Claimant during the course of either the Debtor's 2017 or his 2018 bankruptcy cases. The Debtor in fact paid to the Creditor $31,284, during those cases plus at least $500 during these cases, which must be credited to the Debtor to ascertain the correct net amount of the claim

3. In order to accurately fix the net amount of the claim, the amount of these payments must be deducted from the claim.

4. The proof of claim of the Claimant must be measured by the balance of the claim on the date that it is paid off less the uncredited amounts that the Debtor has paid the

Claimant after the original entry of the judgment.

5. After the prior cases were filed in 2017 and 2018, the principal of EZ, Joel Weiser, came to the Debtor's restaurant and demanded of the Debtor's wife that the Debtor call him to discuss the claim of EZ.

6. On June 18, 2019, Mr. Weiser again came to the restaurant. The Debtor, his wife, and his son were present, and taped the encounter. During the course of this encounter, Mr. Weiser proceeded to berate the Debtor in a loud voice for filing this bankruptcy case and the adversary proceeding against him, made numerous threats that he was going to foreclose on the property, demonstrated numerous threatening gestures, and caused great stress and worry to the Debtor and his family.

7. During the course of ultimately-unsuccessful efforts to settle the Debtor's Objections and Counterclaims to the Claimant's proof of claim in the prior case, the Claimant agreed to compensate the Debtor in the amount of $500 for these stay violations, but in fact this sum was never paid or otherwise credited for these stay violations.

8. As a result of these actions, EZ is liable to the Debtor for compensatory of $500 or for punitive damages, and attorney's fee incurred in pursuing these ounterclaimss, pursuant to 11 U.S.C. section 362(k).

WHEREFORE, the Debtor requests that this court will enter the Proposed Order accompanying the Objections.

/s/DAVID A. SCHOLL
512 Hoffman Street
Philadelphia, PA. 19148
610-550-1765
Attorney for Debtor

**Fill in this information to identify the case:**

Debtor 1: Gabriel Bravo

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: Eastern District of Pennsylvania

Case number: 21-12926-mdc

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
E-Z Cashing, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Justin L. Krik, Esquire
Name
1500 JFK Blvd., Ste. 630
Number    Street
Philadelphia        PA        19102
City                State       ZIP Code

Contact phone 267-831-3180
Contact email jkrik@kriklaw.com

Where should payments to the creditor be sent? (if different)

E-Z Cashing, LLC
Name
110 Avis Avenue
Number    Street
Lakewood           NJ        08701
City                State       ZIP Code

Contact phone c/o 267-831-3180
Contact email c/o jkrik@kriklaw.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/____
                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                    Proof of Claim                    page 1

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 139,800.54. Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned and Consent Judgment

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: 1122 South 9th Street, Philadelphia, PA 19147

**Basis for perfection:** Consent Judgment on Mortgage
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ 166,800.00
**Amount of the claim that is secured:** $ 139,800.54
**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) 6.75 %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2

### In re: Bravo – 21-12926-mdc
Pre-Petition – all charges through 10/27/21

| | |
|---|---|
| Consent Judgment | $136,865.70 |
| (with Reassessed Damages per 6/2/21 Order) | |
| Interest on Consent Judgment (6/2/21 – 10/27/21) | $  2,934.84 |
| (148 days x $19.83 per diem) | |
| **TOTAL (PRE-PETITION)** | **$139,800.54** |

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:*<br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.<br><br>* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | **Amount entitled to priority**<br>$ _____<br><br>$ _____<br><br>$ _____<br><br>$ _____<br><br>$ _____<br><br>$ _____ |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  **11/01/2021**
                  MM / DD / YYYY

**/s/ Justin L. Krik**
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Justin | Lee | Krik |
| | First name | Middle name | Last name |
| Title | Attorney for E-Z Cashing, LLC | | |
| Company | JLK Law PLLC d/b/a Krik Law | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1500 JFK Blvd., Ste. 630 | | |
| | Number    Street | | |
| | Philadelphia | PA | 19102 |
| | City | State | ZIP Code |
| Contact phone | 267-831-3180 | Email | jkrik@kriklaw.com |

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

| | | |
|---|---|---|
| **E-Z CASHING, LLC** | : | **JUNE TERM, 2015** |
| v. | : | **NO. 00453** |
| **GABRIEL BRAVO,** *et al.* | : | **Control No. 21022388** |

## ORDER

AND NOW, this 2nd day of June 2021, upon consideration of Plaintiff's Motion to Reassess Damages filed under Control Number 21022388, and the response, it is hereby **ORDERED** and **DECREED** that the motion is **GRANTED** and Plaintiff's November 29, 2016, *in rem* judgment by agreement is reassessed at $136,865.70.

**BY THE COURT:**

_____ J.

150600453-Bayview Loan Servicing, Llc Vs Bravo

15060045300102

COMMON PLEAS COURT OF PHILADELPHIA
TRIAL DIVISION - CIVIL
TRIAL WORKSHEET

```
+------------------------------------------------------------------+
| Event: _____ , at __/__/__  __:__  in _____  |
| Scheduled: __/__/__ , NON-JURY   MR - MORTGAGE FORECLOSURE       |
+------------------------------------------------------------------+
| Judge's Name:                       | Signature:                 |
|                                     | x  Mary D. Johns           |
+------------------------------------------------------------------+
| Caption:                                        | Case Type:     |
|      BAYVIEW LOAN SERVICING, LLC VS BRAVO       | 3N -           |
|                                                 | NOT            |
|-------------------------------------------------| RESIDENTIA     |
| Term and Number:   | If Consolidated:           | OWNER          |
| #1506-00453        |    Term and Number(s)      | OCCUP-M        |
+------------------------------------------------------------------+
| TRIAL    | ACTUAL:      | TOTAL AMOUNT | NUMBER OF | DATE SHEET  |
| DATE     | ( ) JURY     |              | DAYS      | PREPARED    |
| 11/29/16 | (X) NON-JURY |              |           | 11/29/16    |
+------------------------------------------------------------------+
| Disposition Date:                                                |
| 11/29/16                                                         |
+------------------------------------------------------------------+
| FULL DESCRIPTION OF DISPOSITION (To Be Entered VERBATIM On The Docket): |
|                                                                  |
|      Case Settled after assignment for trial.                    |
|                                                                  |
|                                          Bayview Loan Servicing,-WSJDA |
|                                                                  |
|                                          15060045300034          |
+------------------------------------------------------------------+
```

( ) DEFAULT JUDGMENT/COURT ORDERED    ( ) JURY VERDICT FOR PLAINTIFF
( ) DIRECTED VERDICT                   ( ) JURY VERDICT FOR DEFENDANT     **DOCKETED**
( ) DISCONTINUANCE ORDERED             ( ) MISTRIAL                       **COMPLEX LIT CENTER**
( ) TRANSFER TO BINDING                ( ) HUNG JURY
    ARBITRATION                                                            NOV 2 9 2016
                                       ( ) NON-PROS ENTERED
( ) FINDING FOR DEFENDANT (NON-JURY)   ( ) NON-SUIT ENTERED               **J. STEWART**
( ) FINDING FOR PLAINTIFF (NON-JURY)   ( ) SETTLED PRIOR TO ASSIGNMENT FOR
                                           TRIAL    (TEAM LEADERS, only)

( ) DAMAGES ASSESSED
                                       (X) SETTLED AFTER ASSIGNMENT FOR TRIAL
( ) JUDGMENT ENTERED BY AGREEMENT          ( ) PRIOR TO JURY SELECTION
( ) JUDGMENT ENTERED                       ( ) AFTER JURY SWORN
( ) JUDGMENT SATISFIED
                                       ( ) OTHER (EXPLAIN) _____

(CONTINUED NEXT PAGE)

**COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PENNSYLVANIA**

| | |
|---|---|
| Bayview Loan Servicing, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> Gabriel Bravo and Guadalupe Bravo, <br><br> Defendants | No.: 150600453 <br><br> **CIVIL ACTION** <br> **MORTGAGE FORECLOSURE** |

**CONSENT ORDER**

AND NOW, this 29th day of November, 2016, it is hereby:

**ORDERED AND DECREED** that an *in rem* judgment in mortgage foreclosure is entered in favor of Plaintiff and against Defendant in the amount of $105,613.62, together with interest accruing at a per diem of $19.83, from November 1, 2016 until the date of Sheriff Sale, plus any other fees and costs legally recoverable.

**IT IS FURTHER ORDERED** that this Order will not be entered until the 90th day from the date it is filed.

**IT IS FURTHER ORDERED** that a facsimile version of signatures on this document shall be treated for all purposes as the equivalent of the original signatures.

*Agreed to by:*

_____    Date: 11-29-16
Roger Fay, Esquire
Milstead & Associates, LLC
Counsel for Plaintiff


_____    Date: 11-8-16
John J. D'Angelo, Esquire
Attorney for Defendants


BY THE COURT:

_____
J.